## ADOLPHUS DURANT & wife *vs.* CITY OF LAWRENCE.

The record of county commissioners establishing a town way, and reciting that it was made to appear to them that the selectmen of the town, on petition, had unreasonably neglected to lay out the same, can only be avoided by a petition for *certiorari;* and, until so avoided, the order of the commissioners will justify an entry by the town upon the land appropriated, for the purpose of constructing the way.

The adoption of a city charter, after proceedings for the establishment of a town way have been commenced before county commissioners, does not oust them of their jurisdiction to pass an order, before the city government is organized, for the construction of the way; and such order is valid if addressed to the town of L. instead of to the city of L.

In a suit by the land-owner against the city for damages for constructing such way in pursuance of the order of the commissioners, it is not necessary to prove in defence a final acceptance of the way.

If, in such suit, the plaintiff has only put in evidence of an entry upon land within the limits of the way as located, and the defendants have replied thereto, it is within the discretion of the court afterwards to admit or reject evidence offered to show a trespass outside of said limits, but within the close described; and to the exercise of this discretion no exception lies.

TORT for breaking and entering the plaintiffs' close in Lawrence. The answer admitted the entry, and justified the same under a record of county commissioners, establishing a town way. This record showed that certain citizens of Lawrence made a petition to the county commissioners of the county of Essex, representing that they had petitioned the selectmen of Lawrence to lay out a certain town way, which was described, and that the said selectmen had unreasonably neglected to lay out the same, wherefore the county commissioners were requested to lay it out; that, after notice and a view of the premises, it having been made to appear that the facts recited in the petition were true, the county commissioners, on the 12th of April 1853, proceeded to lay out and establish the town way, and ordered that the town of Lawrence should complete and finish it within a specified time. At the trial in the superior court the plaintiffs objected to the introduction of this record in evidence, unless it was first shown that there had been such preliminary proceedings by the selectmen of Lawrence as to give the county commissioners jurisdiction; but *Rockwell,* J overruled the objection, and admitted the record as evidence of

11 *

the facts therein recited. The plaintiffs also objected that this record, commanding "the town of Lawrence" to build the street, was no justification to the city of Lawrence; but this objection was overruled. The defendants also introduced in evidence the charter of the city of Lawrence, *St.* 1853, *c.* 70, approved March 21 1853, and accepted by the inhabitants March 29. The first city government was organized May 10 1853. There was also evidence to show that the way was constructed according to the order of the commissioners, but there was no evidence of its final acceptance by them.

The plaintiffs offered to prove that there was in fact no record of any petition to the selectmen to lay out the way described, or of any adjudication or action thereupon by the selectmen; but the evidence was rejected.

At this stage of the case, the plaintiffs requested the court to rule, that the defendants had not established their justification, and that the county commissioners had no authority to lay out a town way within the city of Lawrence after the date of the city charter and its acceptance by the people; but the presiding judge ruled otherwise, and stated that he should instruct the jury that the action of the county commissioners was a justification to the defendants in building this way, so far as the plaintiffs' rights were concerned. The plaintiffs then offered to prove that the defendants' servants, in constructing the way, took soil outside of the location thereof, but within the close described, and that such taking was not necessary for the purpose of constructing the way; but the evidence was rejected. Thereupon a verdict was rendered for the defendants by consent, and the plaintiffs alleged exceptions.

*S. B. Ives, Jr.* for the plaintiffs.

*B. F. Watson,* for the defendants.

DEWEY, J. 1. The records of the county commissioners are sufficiently full for the purposes for which they were introduced, and are to be taken to establish a town way in Lawrence, located by the order of the county commissioners as the same is stated to be located and described in the said order. A distinction has prevailed as to ways located upon a report by select-

men and acceptance by the town, and a location by county com-
missioners; and as to the latter, if these locations are sought to
be avoided for reason of errors therein, a *certiorari*, for the pur-
pose of having the same quashed, is the proper remedy.

2. The further inquiry is as to the effect of the city charter
of Lawrence, and whether that superseded all further jurisdic-
tion of the county commissioners, and incapacitated them from
making the order of April 12 1853, locating and establishing
this way. The city charter was enacted by the legislature on
the 21st of March, and accepted by the inhabitants of the town
of Lawrence on the 29th of March 1853. For many purposes,
therefore, this city charter became effective before April 12. If
it was so, as to a question of a town way then pending before
the county commissioners as this was, then the commissioners
had lost their jurisdiction and their order would be a nullity. By
§ 24 of the city charter it was provided, that " all town-officers
now in office shall hold their places until this act shall take effect
and their successors are chosen and qualified." ' But there was
no election of city officers until April 18, and no organization
of the city government until May 10 1853. The case stands
thus, therefore: the county commissioners lawfully acquired
jurisdiction of the subject of this town way by a petition pre-
sented to them in July 1852, alleging that the selectmen of
Lawrence had unreasonably refused to lay out and establish
it, and the commissioners having adjudged the facts thus stated
to be true, and having first proceeded to view the premises and
hear the parties, on the 12th of April 1853 established the way.

The court are of opinion that, although prospectively the
city charter gave to the mayor and aldermen, with the concur-
rence of the city council, the exclusive power to lay out ways in
Lawrence, yet, before such tribunal in fact existed, and while the
selectmen were by law continued in office, and the city govern-
ment was wholly unorganized, the jurisdiction of the county
commissioners over a case then pending before them was still
retained by them, and they might properly proceed to make their
final adjudication as to the same in the manner they have done.

3. We do not think the form of the order of the county com-

missioners " to the town of Lawrence" rendered it invalid, the case pending before the commissioners being so described, and the city being required by its charter to assume the duties in this respect that had previously devolved on the town of Lawrence.

4. Nor was any acceptance of the completed road by a judicial act of the commissioners necessary to sustain this defence *Bliss* v. *Deerfield,* 13 Pick. 162.

5. The rejection by the court of the evidence offered by the plaintiff in reply, after he had presented his case and the defendants had made their reply thereto, furnishes, under the circumstances, no ground for exceptions. Though the plaintiff might originally have presented his case before the jury as a claim for damages for trespasses committed by the authority of the city without the limits of the located way, he did not choose to do so, but offered evidence of a trespass only co-extensive with the limits of the way; and in reply to this the defendants offered their evidence. After the evidence on both sides had thus been introduced, it was a matter of discretion with the court whether the plaintiff should be allowed the privilege of introducing evidence of other trespasses distinct in their character, and which might have been introduced in chief, if competent at all. For reasons satisfactory to the presiding judge, he refused to open the case for such evidence; and no exception lies to such ruling. It is quite apparent that the questions upon such claims would differ from those for acts within the scope of the lawful authority of the town, and would present the issue as to the extent to which such acts of servants of the town could charge the town, although individually the actors might be liable as trespassers. *Exceptions overruled.*